UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MM,

                              Plaintiff,

        -against-

ALEJANDRO MAYORKAS, *Secretary, U.S.*
*Department of Homeland Security (DHS)*;
UR MENDOZA JADDOU, *Director, U.S.*
*Citizenship and Immigration Services (USCIS)*;
SUSAN RAUFER, *Director,*
*USCIS Newark Asylum Office*,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/25/2024

No. 24-cv-02090 (NSR)

**OPINION & ORDER**

Nelson S. Román, United States District Judge:

    Plaintiff MM moves for leave to proceed anonymously in this action to protect her identity and sexual orientation from public disclosure. The motion is unopposed. For the following reasons, Plaintiff's motion is GRANTED.

**LEGAL STANDARD**

    Fed. R. Civ. Pro § 10(a) provides in relevant in part that the caption of a complaint or pleading must name all the parties. This requirement serves the purpose of facilitating public scrutiny of judicial proceedings and should not be set aside lightly. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.1997)). There are, however, limited exceptions which permit the use of pseudonyms. *See Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (pseudonym permitted to protect the privacy interest of a plaintiff who is a minor).

    In *Sealed Plaintiff*, the Second Circuit adopted the Ninth Circuit's approach regarding the use of pseudonyms and alias in pleadings, namely that "a party may preserve his or her anonymity in

judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." 537 F.3d at 189 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). When determining whether to permit a plaintiff to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *Id.*

When undertaking such a balancing test, district courts should consider but are not limited to:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties"; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations omitted). While no one factor is dispositive, consideration of such factors assist the court in balancing the competing interest of public scrutiny of judicial proceedings, plaintiff's interest in anonymity, and prejudice to the opposing party. *Id.* Thus, in its analysis, the Court need only consider applicable factors. Additionally, courts have some discretion in the granting of an application to prosecute an action under a pseudonym. *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) ("It is within a court's discretion to allow a plaintiff to proceed anonymously.").

**DISCUSSION**

Plaintiff, a native and citizen of Tunisia, seeks to compel Defendants to schedule an interview on her asylum application. Federal courts have permitted asylum seekers to proceed anonymously in federal court proceedings. *See MO v. Mayorkas*, No. 23-CV-06609-FPG, 2023 WL 7300960 (W.D.N.Y. Nov. 6, 2023) (permitting plaintiff, an asylum seeker, to proceed under a pseudonym); *A.B. v. United States Dep't of Homeland Sec.*, No. 23-CV-23554, 2023 WL 6160838 (S.D. Fla. Sept. 21, 2023) (same); *Doe v. Dep't of Homeland Sec.*, No. CV 22-5172, 2023 WL 372085, at *3 (E.D. La. Jan. 24, 2023) (same); *Kiakombua v. McAleenan*, No. 19-CV-1872 (KBJ), 2019 WL 11322784 (D.D.C. July 3, 2019) (same).

The *Sealed Plaintiff* factors weigh in favor of permitting Plaintiff to proceed anonymously. The facts underlying Plaintiff's claim are of a highly sensitive and personal matter because the allegations underlying her asylum application demonstrate a well-founded fear of persecution and retaliation in Tunisia due to her sexuality. *Mayorkas*, 2023 WL 7300960 at *2; *see also Michael v. Bloomberg L.P.*, No. 14-CV-2657 TPG, 2015 WL 585592, at *3 (S.D.N.Y. Feb. 11, 2015) (claims involving sexual orientation are of a highly sensitive or personal nature). Courts have held asylum seekers are particularly vulnerable to retaliation if their names are revealed. *Kiakombua*, No. 19-CV-1872 (KBJ), 2019 WL 11322784, at *3 (D.D.C. July 3, 2019) ("[A]sylum seekers . . . fall within a particularly vulnerable class of migrants for whom confidentiality about the nature and existence of their claims is particularly important.") (citation omitted); *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017).

Moreover, Plaintiff challenges the government rather than a private entity. Defendants also do not oppose Plaintiff's application, and Plaintiff indicates that she will provide identifying details to Defendants pursuant to a confidentiality agreement. Therefore, Defendants are not prejudiced. Finally, Plaintiff's claim does not hinge on the merits of her underlying asylum application. Plaintiff

challenges Defendants' policy with regards to prioritization and adjudication of asylum applications and asks the Court to order Defendants to schedule her interview on her asylum application. Therefore, Plaintiff "challeng[es] the constitutional, statutory or regulatory validity of government activity," *Dept. of Homeland Sec.*, 2023 WL 372085, at *2, which further weighs in favor of granting anonymity. Given that Plaintiff raises primarily legal rather than factual issues, the public's interest in knowing her identity is weak. At the same time, the public's interest is furthered by granting Plaintiff anonymity to not hinder or chill other asylum applicants from challenging our nation's immigration laws due to fears of further retaliation and persecution from public disclosure of their asylum claims.

Upon due consideration of all the relevant factors, the Court determines they weigh in favor of permitting Plaintiff to use a pseudonym.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. Plaintiff is permitted to proceed under the pseudonym "mm." Defendants are ordered to maintain the confidentiality of Plaintiff's identity by using only the pseudonym "mm" in all filings, including all exhibits in which her name appears. The Court further directs the parties to redact any filings that might identify Plaintiff in order to maintain Plaintiff's anonymity. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 7.

Dated:  April 25, 2024
       White Plains, NY

                                             Hon. Nelson S. Román
                                             US District Court, S.D.N.Y.